# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRANK THOMAS, an individual ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| REEBOK INTERNATIONAL LTD., a ) | Judge: |
| Massachusetts corporation, ) | |
| ) | Magistrate: |
| Defendant. ) | |
| ) | |
| ) | |

## COMPLAINT

Plaintiff, FRANK THOMAS ("Thomas"), by his attorneys UNGARETTI & HARRIS LLP and KRANE & SMITH, APC, for his Complaint against Defendant REEBOK INTERNATIONAL LTD., alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the Lanham Act of 1946, as amended, 15 U.S.C. §§1051 et seq. Jurisdiction is based upon 28 U.S.C. §§1331 and 1338(a) and principles of supplemental and pendant jurisdiction pursuant to 28 U.S.C. §1367(a).

2. Jurisdiction alternatively exists in this action pursuant to 28 U.S.C. §1332, based on the complete diversity of citizenship between Thomas and Defendant. The amount at issue exceeds $75,000.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

1

## THE PARTIES

4. Plaintiff FRANK THOMAS ("Thomas") is a resident of Illinois in this district.

5. Thomas is informed and believes, and thereupon alleges, that Defendant, REEBOK INTERNATIONAL LTD. ("Reebok") is a Massachusetts corporation transacting business in the State of Illinois and is subject to the jurisdiction of this Court.

## NATURE OF THE CASE

6. Thomas' Complaint arises out of Reebok's unauthorized use of Thomas' identity to promote and sell shoes. Thomas brings these claims for violation of his right of publicity, false endorsement, false designation of origin, deceptive business practices and unfair competition against Reebok to remedy the damage caused by Reebok's unauthorized commercial exploitation of his identity.

## FACTUAL BACKGROUND

7. Thomas is known throughout the world for his athletic skill and achievement as a professional baseball player.

8. In January 2014, Thomas was inducted into the baseball Hall of Fame in his first year of eligibility. Among his other achievements, Thomas is a two-time recipient of the American League's Most Valuable Player, five-time all-star and member of the 2005 World Series Champion Chicago White Sox team.

9. In 1992, broadcaster Ken Harrelson nicknamed Thomas "The Big Hurt" and Thomas has been using that nickname and variations thereof as part of his identity since that time. Thomas has also used "The Big Hurt" and variations thereof as a mark (the "Big Hurt Mark") in interstate commerce throughout the United States and internationally for many years

2

to promote a variety of goods and services associated with him.

10. Over the years, Thomas has licensed various aspects of his identity, and the Big Hurt Mark in connection with the commercial endorsement of products.

11. In 1995, Thomas licensed aspects of his identity in connection with his endorsement of Reebok products. However, in 1998, Thomas' endorsement of Reebok's products and Reebok's license and/or rights to use any aspect of Thomas' identity or the Big Hurt Mark terminated.

12. Notwithstanding the termination of its rights in 1998, in or about December 2013, Reebok began using Thomas' identity and the Big Hurt Mark in connection with the sale of shoes without Thomas' consent. Furthermore, Reebok's unauthorized use of Thomas' identity and the Big Hurt Mark was made a part of Reebok's international advertising campaign that involved other former professional athletes and public figures affiliated with Reebok including Shaquille O'Neal, Allen Iverson, Rick Ross, French Montana and Swizz Beatz ("Reebok Classic Retro Campaign").

13. Since 1998, Thomas has never given Reebok permission to use his identity, the Big Hurt Mark or his endorsement in connection with the sale of shoes or the Reebok Classic Retro Campaign, and Reebok had no authority to do so.

14. Thomas has been damaged by Reebok's unauthorized commercial use of his identity and the Big Hurt Mark which, among other things, violates Thomas' right of publicity and falsely implies Thomas' endorsement of Reebok.

## Count I

### (VIOLATION OF THE ILLINOIS RIGHT OF PUBLICITY ACT)

15. Thomas repeats, repleads and realleges the allegations contained in Paragraphs 1 through 14 as though fully set forth herein.

16. Reebok's unauthorized use of Thomas' identity for commercial purposes as alleged herein is a violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1-60.

17. Reebok's use of Thomas' identity was willful because it used Thomas' identity intentionally and with knowledge that its use was not authorized. Indeed, Reebok only requested permission to use Thomas' identity after the fact.

18. Thomas has been damaged by Reebok's unauthorized use of his identity.

**WHEREFORE**, Thomas requests that relief be granted in his favor and against Reebok, for (a) damages sustained by Thomas, including Reebok's profits, in an amount to be determined at trial, (b) punitive damages, (c) attorneys' fees and costs, (d) a permanent injunction requiring Reebok to refrain from any use of Thomas' identity without prior authorization from Thomas, and (e) such other and further relief as the Court deems just and proper.

## Count II

### (FALSE ENDORSEMENT -- VIOLATION OF SECTION 43(a) OF THE LANHAM ACT)

19. Thomas repeats, repleads and realleges the allegations contained in Paragraphs 1 through 18 as though fully set forth herein.

20. Reebok's unauthorized commercial use of Thomas' identity and the Big Hurt Mark in connection with the sale of shoes and in its Reebok Classic Retro Campaign constitutes a false or misleading representation of fact that falsely implies Thomas' endorsement of

Reebok's goods.

21. Reebok's unauthorized use of Thomas's identity is: (a) likely to cause confusion, mistake or deception as to the affiliation, connection or association of Reebok with Thomas or as to the origin, sponsorship or approval of Reebok's goods and services by Thomas in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); or (b) misrepresent the nature, characteristics, or qualities of Reebok's goods, services, or commercial activities in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

22. Thomas has been damaged by these acts.

23. This case is an exceptional case pursuant to 15 U.S.C. § 1117.

**WHEREFORE**, Thomas requests that relief be granted in his favor and against Reebok, for (a) damages sustained by Thomas, including Reebok's profits, in an amount to be determined at trial, (b) punitive damages, (c) attorneys' fees and costs, (d) a permanent injunction requiring Reebok to refrain from any use of Thomas' identity and the Big Hurt Mark without prior authorization from Thomas, and (e) such other and further relief as the Court deems just and proper.

## Count III

### (FALSE DESIGNATION OF ORIGIN -- VIOLATION OF SECTION 43(a) OF THE LANHAM ACT)

24. Thomas repeats, repleads and realleges the allegations contained in Paragraphs 1 through 23 as though fully set forth herein.

25. Reebok's unauthorized use in interstate commerce of Thomas' identity in connection with the sale of shoes and as part of its Reebok Classic Retro Campaign is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Reebok

with Thomas as to the origin, sponsorship, or approval of Reebok's goods and services by Thomas.

26. Thomas has been damaged by these acts, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

27. This case is an exceptional case pursuant to 15 U.S.C. § 1117.

**WHEREFORE**, Thomas requests that relief be granted in his favor and against Reebok, for (a) damages sustained by Thomas, including Reebok's profits, in an amount to be determined at trial, (b) punitive damages, (c) attorneys' fees and costs, (d) a permanent injunction requiring Reebok to refrain from any use of Thomas' identity and the Big Hurt Mark without prior authorization from Thomas, and (e) such other and further relief as the Court deems just and proper.

## Count IV

### (VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES ACT)

28. Thomas repeats, repleads and realleges the allegations contained in Paragraphs 1 through 27 as though fully set forth herein.

29. Reebok's acts constitute unfair methods of competition and unfair or deceptive acts or practices in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/2 et seq., in that those acts created a likelihood of confusion or misunderstanding as to Thomas' sponsorship or approval of Reebok's goods, or created a likelihood of confusion as to Reebok's affiliation, connection or association with Thomas.

30. Reebok's conduct in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act was willful and outrageous, perpetrated by evil motive or with reckless

indifference to the rights of others.

31. Thomas has been damaged by these acts.

**WHEREFORE**, Thomas requests that relief be granted in his favor and against Reebok, for (a) damages sustained by Thomas, including Reebok's profits, in an amount to be determined at trial, (b) punitive damages, (c) attorneys' fees and costs, (d) a permanent injunction requiring Reebok to refrain from any use of Thomas' identity and the Big Hurt Mark without prior authorization from Thomas, and (e) such other and further relief as the Court deems just and proper.

## Count V

### (COMMON LAW UNFAIR COMPETITION)

32. Thomas repeats, repleads and realleges the allegations contained in Paragraphs 1 through 31 as though fully set forth herein.

33. Reebok's acts constitute unfair competition under the common law of the State of Illinois.

34. Reebok's acts were willful and damaged Thomas.

**WHEREFORE**, Thomas requests that relief be granted in his favor and against Reebok, for: (a) damages sustained by Thomas, including Reebok's profits, in an amount to be determined at trial, (b) punitive damages, (c) attorneys' fees and costs, (d) a permanent injunction requiring Reebok to refrain from any use of Thomas' identity and the Big Hurt Mark without prior authorization from Thomas, and (e) such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Thomas hereby demands a trial by jury.

Dated: March 19, 2014         Respectfully submitted,

/s/ Steven J. Thompson
One of the Attorneys for FRANK THOMAS,
an individual.

Steven J. Thompson (IL Bar No. 6196230/Federal Trial Bar Member)
Alexandros Stamatoglou (IL Bar No. 6308169)
UNGARETTI & HARRIS, LLP
3500 Three First National Plaza
Chicago, Illinois 60602
(312) 977-4400
(312) 977-4405 – facsimile

Ralph C. Loeb (Pro Hac Vice Appearance Pending)
Jeremy D. Smith (Pro Hac Vice Appearance Pending)
KRANE & SMITH, APC
16255 Ventura Boulevard, Suite 600
Encino, California 91436-2302
(818) 382-4000
(818) 382-4001 -- facsimile