IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK THOMAS, an individual | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14-cv-1937 |
| v. | ) | |
| | ) | Honorable Matthew F. Kennelly |
| REEBOK INTERNATIONAL LTD., | ) | |
| a Massachusetts corporation, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

**DEFENDANT REEBOK INTERNATIONAL LTD.'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Reebok International Ltd. ("Reebok"), by and through its undersigned counsel, submits the following Answer and Affirmative Defenses to the Complaint filed by Frank Thomas ("Thomas"). Unless otherwise admitted, qualified or explained herein, Reebok denies each and every allegation contained in Thomas' Complaint.

**JURISDICTION AND VENUE**

1. This action arises under the Lanham Act of 1946, as amended, 15 U.S.C. §§ 1051 et seq. Jurisdiction is based upon 28 U.S.C. §§1331 and 1338(a) and principles of pendant jurisdiction pursuant to 28 U.S.C. §1367(a).

**ANSWER:** Reebok admits that Thomas' allegations of false endorsement and false designation of origin purportedly arise under Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. §§ 1051 et seq. Reebok further admits this Court has subject matter and personal jurisdiction over this dispute. Reebok denies any remaining allegations contained in Paragraph 1.

2. Jurisdiction alternatively exists in this action pursuant to 28 U.S.C. §1332, based on the complete diversity of citizenship between Thomas and Defendant. The amount at issue exceeds $75,000.

**ANSWER:** Paragraph 2 contains multiple legal conclusions to which no answers are required. To the extent an answer is required, Reebok denies the allegations contained in Paragraph 2.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

**ANSWER:** Reebok denies the allegation contained in Paragraph 3.

## THE PARTIES

4. Plaintiff FRANK THOMAS ("Thomas") is a resident of Illinois in this district.

**ANSWER:** Reebok is without sufficient knowledge to form a belief as to the truth of the allegation contained in Paragraph 4 and therefore denies the same.

5. Thomas is informed and believes, and thereupon alleges, that Defendant, REEBOK INTERNATIONAL LTD. ("Reebok") is a Massachusetts corporation transacting business in the State of Illinois and is subject to the jurisdiction of this Court.

**ANSWER:** Admitted.

## NATURE OF THE CASE

6. Thomas' Complaint arises out of Reebok's unauthorized use of Thomas' identity to promote and sell shoes. Thomas brings these claims for violation of his right of publicity, false endorsement, false designation of origin, deceptive business practices and unfair competition against Reebok to remedy the damages caused by Reebok's unauthorized commercial exploitation of his identity.

**ANSWER:** Reebok admits that this action arises out of Thomas' allegations that Reebok used Thomas' identity without authorization to promote and sell shoes. Reebok further admits that in this action Thomas alleges violation of his right of publicity, false endorsement, false designation of origin, deceptive business practices and unfair competition stemming from Reebok's unauthorized commercial exploitation of Thomas' identity. Reebok denies that it engaged in any unlawful conduct and that Thomas is entitled to any of the relief he seeks.

## FACTUAL BACKGROUND

7. Thomas is known throughout the world for his athletic skill and achievement as a professional baseball player.

**ANSWER:** Reebok is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies the same.

8. In January 2014, Thomas was inducted into the baseball Hall of Fame in his first year of eligibility. Among his other achievements, Thomas is a two-time recipient of the American League's Most Valuable Player, five-time all-star and member of the 2005 World Series Champion Chicago White Sox team.

**ANSWER:** Reebok admits that Thomas was inducted into the baseball Hall of Fame. Reebok is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 8 and therefore denies the same.

9. In 1992, broadcaster Ken Harrelson nicknamed Thomas "The Big Hurt" and Thomas has been using that nickname and variations thereof as part of his identity since that time. Thomas has also used "The Big Hurt" and variations thereof as a mark (the "Big Hurt Mark") in interstate commerce throughout the United States and internationally for many years to promote a variety of goods and services associated with him.

**ANSWER:** Reebok is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies the same.

10. Over the years, Thomas has licensed various aspects of his identity, and the Big Hurt Mark in connection with the commercial endorsement of products.

**ANSWER:** Reebok objects to the allegations contained in Paragraph 10 as vague. Without waiving the foregoing objection, Reebok admits that during a period of time in the 1990's, Thomas granted Reebok a license to use the "The Big Hurt" nickname in connection with the endorsement of Reebok products. Reebok is without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies the same.

11. In 1995, Thomas licensed aspects of his identity in connection with his endorsement of Reebok products. However, in 1998, Thomas' endorsement of Reebok's products and Reebok's license and/or rights to use any aspect of Thomas' identity or the Big Hurt Mark terminated.

**ANSWER:** Reebok is without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies the same.

12. Notwithstanding the termination of its rights in 1998, in or about December 2013, Reebok began using Thomas' identity and the Big Hurt Mark in connection with the sale of shoes without Thomas' consent. Furthermore, Reebok's unauthorized use of Thomas' identity and the Big Hurt Mark was made a part of Reebok's international advertising campaign that involved other former professional athletes and public figures affiliated with Reebok including Shaquille O'Neal, Allen Iverson, Rick Ross, French Montana and Swizz Beatz ("Reebok Classic Retro Campaign").

**ANSWER:** Reebok denies the allegations contained in Paragraph 12.

13. Since 1998, Thomas has never given Reebok permission to use his identity, the Big Hurt Mark or his endorsement in connection with the sale of shoes or the Reebok Classic Retro Campaign, and Reebok had no authority to do so.

**ANSWER:** Reebok is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies the same.

14. Thomas has been damaged by Reebok's unauthorized commercial use of his identity and the Big Hurt Mark which, among other things, violates Thomas' right of publicity and false implies Thomas' endorsement of Reebok.

**ANSWER:** Paragraph 14 states multiple legal conclusions to which no answers are required. To the extent an answer is required, Reebok denies the allegations contained in Paragraph 14.

### Count I

### (VIOLATION OF THE ILLINOIS RIGHT OF PUBLICITY ACT)

15. Thomas repeats, repleads and realleges the allegations contained in Paragraphs 1 through 14 as though fully set forth herein.

**ANSWER:** Reebok incorporates its responses to Paragraphs 1 through 14 as if fully stated herein. Reebok denies that it engaged in any unlawful conduct and denies that Thomas is entitled to any of the relief he seeks.

16. Reebok's unauthorized use of Thomas' identity for commercial purposes as alleged herein is a violation of the Illinois Right of publicity Act, 765 ILCS 1075/1-60.

**ANSWER:** Paragraph 16 states a legal conclusion to which no answer is required. To the extent an answer is required, Reebok denies the allegations contained in Paragraph 16.

17. Reebok's use of Thomas' identity was willful because it used Thomas' identity intentionally and with knowledge that its use was not authorized. Indeed, Reebok only requested permission to use Thomas' identity after the fact.

**ANSWER:** Paragraph 17 states a legal conclusion to which no answer is required. To the extent an answer is required, Reebok denies the allegations contained in Paragraph 17.

18. Thomas has been damaged by Reebok's unauthorized use of his identity.

**ANSWER:** Paragraph 18 states a legal conclusion to which no answer is required. To the extent an answer is required, Reebok denies the allegations contained in Paragraph 18.

**WHEREFORE,** Thomas requests that relief be granted in his favor and against Reebok, for (a) damages sustained by Thomas, including Reebok's profits, in an amount to be determined at trial, (b) punitive damages, (c) attorneys' fees and costs, (d) a permanent injunction requiring Reebok to refrain from any use of Thomas' identity without prior authorization from Thomas, and (e) such other and further relief as the Court deems just and proper.

**ANSWER:** No response is required to the allegations contained in the unnumbered "WHEREFORE" paragraph that follows Paragraph 18 of the Complaint. To the extent a response is required, Reebok denies that it engaged in any unlawful conduct and denies that Thomas is entitled to any of the relief he seeks.

<u>Count II</u>

**(FALSE ENDORSEMENT – VIOLATION OF
SECTION 43(a) OF THE LANHAM ACT)**

19. Thomas repeats, repleads and realleges the allegations contained in Paragraphs 1 through 18 as though fully set forth herein.

6

**ANSWER:** Reebok incorporates its responses to Paragraphs 1 through 18 as if fully stated herein. Reebok denies that it engaged in any unlawful conduct and denies that Thomas is entitled to any of the relief he seeks.

20. Reebok's unauthorized commercial use of Thomas' identity and the Big Hurt Mark in connection with the sale of shoes and it is Reebok Classic Retro Campaign constitutes a false and misleading representation of fact that falsely implies Thomas' endorsement of Reebok's goods.

**ANSWER:** Paragraph 20 states a legal conclusion to which no answer is required. To the extent an answer is required, Reebok denies the allegations contained in Paragraph 20.

21. Reebok's unauthorized use of Thomas' identity is: (a) likely to cause confusion, mistake or deception as to the affiliation, connection or association of Reebok with Thomas or as to the origin, sponsorship or approval of Reebok's goods and services by Thomas in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A); or (b) misrepresent the nature characteristics, or qualities of Reebok's goods, services, or commercial activities in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B).

**ANSWER:** Paragraph 21 states multiple legal conclusions to which no answers are required. To the extent an answer is required, Reebok denies the allegations contained in Paragraph 21.

22. Thomas has been damaged by these acts.

**ANSWER:** Paragraph 22 states a legal conclusion to which no answer is required. To the extent an answer is required, Reebok denies the allegations contained in Paragraph 22.

23. This case is an exceptional case pursuant to 15 U.S.C. §1117.

**ANSWER:** Paragraph 23 states a legal conclusion to which no answer is required. To the extent an answer is required, Reebok denies the allegation contained in Paragraph 23.

**WHEREFORE,** Thomas requests that relief be granted in his favor and against Reebok, for (a) damages sustained by Thomas, including Reebok's profits, in an amount to be determined at trial, (b) punitive damages, (c) attorneys' fees and costs, (d) a permanent injunction requiring Reebok to refrain from any use of Thomas' identity and the Big Hurt Mark without prior authorization from Thomas, and (e) such other and further relief as the Court deems just and proper.

**ANSWER:** No response is required to the allegations contained in the unnumbered "WHEREFORE" paragraph that follows Paragraph 23 of the Complaint. To the extent a response is required, Reebok denies that it engaged in any unlawful conduct and denies that Thomas is entitled to any of the relief he seeks.

## Count III

### (FALSE DESIGNATION OF ORIGIN – VIOLATION OF SECTION 43(a) OF THE LANHAM ACT)

24. Thomas repeats, repleads and realleges the allegations contained in Paragraphs 1 through 23 as though fully set forth herein.

**ANSWER:** Reebok incorporates its responses to Paragraphs 1 through 23 as if fully stated herein. Reebok denies that it engaged in any unlawful conduct and denies that Thomas is entitled to any of the relief he seeks.

25. Reebok's unauthorized use in interstate commerce of Thomas' identity in connection with the sale of shoes and as part of its Reebok Classic Retro Campaign is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Reebok

8

with Thomas as to the origin, sponsorship, or approval of Reebok's goods and services by Thomas.

**ANSWER:** Paragraph 25 states multiple legal conclusions to which no answers are required. To the extent an answer is required, Reebok denies the allegations contained in Paragraph 25.

26. Thomas has been damaged by these acts, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:** Paragraph 26 states multiple legal conclusions to which no answers are required. To the extent an answer is required, Reebok denies the allegations contained in Paragraph 26.

27. This case is an exceptional case pursuant to 15 U.S.C. § 1117.

**ANSWER:** Paragraph 27 states a legal conclusion to which no answer is required. To the extent an answer is required, Reebok denies the allegation contained in Paragraph 27.

**WHEREFORE,** Thomas requests that relief be granted in his favor and against Reebok for (a) damages sustained by Thomas, including Reebok's profits, in an amount to be determined at trial, (b) punitive damages, (c) attorneys' fees and costs, (d) a permanent injunction requiring Reebok to refrain from any use of Thomas' identity and the Big Hurt Mark without prior authorization from Thomas, and (e) such other and further relief as the Court deems just and proper.

**ANSWER:** No response is required to the allegations contained in the unnumbered "WHEREFORE" paragraph that follows Paragraph 27 of the Complaint. To the extent a response is required, Reebok denies that it engaged in any unlawful conduct and denies that Thomas is entitled to any of the relief he seeks.

## Count IV

### (VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES ACT)

28. Thomas repeats, repleads and realleges the allegations contained in Paragraphs 1 through 27 as though fully set forth herein.

**ANSWER:** Reebok incorporates its responses to Paragraphs 1 through 27 as if fully stated herein. Reebok denies that it engaged in any unlawful conduct and denies that Thomas is entitled to any of the relief he seeks.

29. Reebok's acts constitute unfair methods of competition and unfair or deceptive acts or practices in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/2 et seq., in that those acts created a likelihood of confusion or misunderstanding as to Thomas' sponsorship or approval of Reebok's goods, or created a likelihood of confusion as to Reebok's affiliation, connection or association with Thomas.

**ANSWER:** Paragraph 29 states multiple legal conclusions to which no answers are required. To the extent an answer is required, Reebok denies the allegations contained in Paragraph 29.

30. Reebok's conduct in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act was willful and outrageous, perpetrated by evil motive or with reckless indifference to the rights of others.

**ANSWER:** Paragraph 30 states multiple legal conclusions to which no answers are required. To the extent an answer is required, Reebok denies the allegations contained in Paragraph 30.

31. Thomas has been damaged by these acts.

**ANSWER:** Paragraph 31 states a legal conclusion to which no answer is required. To the extent an answer is required, Reebok denies the allegations contained in Paragraph 31.

**WHEREFORE,** Thomas requests that relief be granted in his favor and against Reebok, for (a) damages sustained by Thomas, including Reebok's profits, in an amount to be determined at trial, (b) punitive damages, (c) attorneys' fees and costs, (d) a permanent injunction requiring Reebok to refrain from any use of Thomas' identity and the Big Hurt Mark without prior authorization from Thomas, and (e) such other and further relief as the Court deems just and proper.

**ANSWER:** No response is required to the allegations contained in the unnumbered "WHEREFORE" paragraph that follows Paragraph 31 of the Complaint. To the extent a response is required, Reebok denies that it engaged in any unlawful conduct and denies that Thomas is entitled to any of the relief he seeks.

## Count V

### (COMMON LAW UNFAIR COMPETITION)

32. Thomas repeats, repleads and realleges the allegations contained in Paragraphs 1 through 31 as though fully set forth herein.

**ANSWER:** Reebok incorporates its responses to Paragraphs 1 through 31 as if fully stated herein. Reebok denies that it engaged in any unlawful conduct and denies that Thomas is entitled to any of the relief he seeks.

33. Reebok's acts constitute unfair competition under the common law of the State of Illinois.

**ANSWER:** Paragraph 33 states a legal conclusion to which no answer is required. To the extent an answer is required, Reebok denies the allegations contained in Paragraph 33.

34. Reebok's acts were willful and damaged Thomas.

**ANSWER:** Paragraph 34 states multiple legal conclusions to which no answers are required. To the extent an answer is required, Reebok denies the allegations contained in Paragraph 34.

**WHEREFORE,** Thomas requests that relief be granted in his favor and against Reebok for (a) damages sustained by Thomas, including Reebok's profits, in an amount to be determined at trial, (b) punitive damages, (c) attorneys' fees and costs, (d) a permanent injunction requiring Reebok to refrain from any use of Thomas' identity and the Big Hurt Mark without prior authorization from Thomas, and (e) any such other and further relief as the Court deems just and proper.

**ANSWER:** No response is required to the allegations contained in the unnumbered "WHEREFORE" paragraph that follows Paragraph 34 of the Complaint. To the extent a response is required, Reebok denies that it engaged in any unlawful conduct and denies that Thomas is entitled to any of the relief he seeks.

## AFFIRMATIVE DEFENSES

Without prejudice to its denial of the allegations in Thomas' Complaint, Reebok states as and for its Affirmative Defenses, without waiving the obligations of Thomas to prove every factual element of his claims, as follows:

## FIRST AFFIRMATIVE DEFENSE

Thomas' Complaint fails to allege facts sufficient to state a claim for which relief can be granted against Reebok.

12

**SECOND AFFIRMATIVE DEFENSE**

Thomas' claims against Reebok, if any, are barred, in whole or in part, under the Doctrines of Nominative and Fair Use.

**THIRD AFFIRMATIVE DEFENSE**

Thomas' claims against Reebok, if any, are barred, in whole or in part, because Thomas has not suffered any actual damages.

**FOURTH AFFIRMATIVE DFENSE**

Thomas' claim under the Illinois Right of Publicity Act, if any, is barred because neither the shoes in question nor the Reebok Classic Retro Campaign embody or make use of any aspect of Thomas' identity.

**FIFTH AFFIRMATIVE DEFENSE**

Thomas is precluded from recovering damages for the alleged violations, if any, because Reebok relied on, and was prejudiced by, Thomas' unnecessary delay in enforcing his rights, if any.

**SIXTH AFFIRMATIVE DEFENSE**

Thomas' claims are barred by waiver, estoppel, unclean hands, laches, or similar legal or equitable doctrines because Thomas waited for a more anti-competitive time to file this lawsuit rather than raising the issue when he first became aware of Reebok's alleged use of his identity or the Big Hurt Mark, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

Thomas' claims under the Illinois Consumer Fraud and Deceptive Business Practices Act and Illinois Common Law of Unfair Competition, if any, are barred because Thomas has no claim against Reebok under the Lanham Act.

**EIGHTH AFFIRMATIVE DEFENSE**

Thomas' claims under the Illinois Consumer Fraud and Deceptive Business Practices Act and Illinois Common Law of Unfair Competition, if any, are barred because the circumstances that relate to the disputed advertising, promotions and sales, if any, did not occur primarily and substantially in Illinois.

**NINTH AFFIRMATIVE DEFENSE**

Reebok acted in good faith and had reasonable grounds for believing that its conduct did not violate any law and, in fact, Reebok's conduct did not violate any law.

**TENTH AFFIRMATIVE DEFENSE**

Reebok presently has insufficient knowledge or information upon which to form a belief as to whether additional affirmative defenses are available. Accordingly, Reebok hereby expressly reserve the right to assert additional affirmative defenses in the event that discovery indicates such defenses are appropriate.

**WHEREFORE,** Defendant Reebok International Ltd. requests that judgment be entered in its favor and against Frank Thomas, with such other relief that this Court deems just and proper.

Dated: April 9, 2014

                                                Respectfully submitted,
REEBOK INTERNATIONAL LTD.,

/s/ James T. Hultquist_____
James T. Hultquist
Joshua W. Newman
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
Telephone: (312) 207-1000

Attorneys for Defendant, Reebok International Ltd.

## **CERTIFICATE OF SERVICE**

  I, James T. Hultquist, certify that on April 9, 2014, I caused to be served **DEFENDANT REEBOK INTERNATIONAL LTD.'S ANSWERAND AFFIRMATIVE DEFENSES**, upon the following persons through the District Court's ECF/CM electronic filing system:

  Steven J. Thompson (IL Bar No. 61 96230/Federal Trial Bar Member)
  Alexandros Stamatoglou (IL Bar No. 6308169)
  UNGARETTI & HARRIS, LLP
  3500 Three First National Plaza
  Chicago, Illinois 60602
  (312) 977-4400
  (312) 977-4405 - facsimile

  Ralph C. Loeb (Pro Hac Vice Appearance Pending)
  Jeremy D. Smith (Pro Hac Vice Appearance Pending)
  KRANE & SMITH, APC
  16255 Ventura Boulevard, Suite 600
  Encino, California 9 1436-2302
  (818) 382-4000
  (818) 382-4001 -- facsimile

        /s/ James T. Hultquist_____
        James T. Hultquist, Esq.
        Joshua W. Newman, Esq.
        10 South Wacker Drive
        Chicago, IL 60606
        Telephone: (312) 207-1000
        Facsimile: (312) 207-6400