IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK THOMAS, an individual | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14-cv-1937 |
| v. | ) | |
| | ) | Honorable Matthew F. Kennelly |
| REEBOK INTERNATIONAL LTD., | ) | |
| a Massachusetts corporation, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

**AGREED MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

Plaintiff Frank Thomas and Defendant Reebok International Ltd. (together, the "Parties"), through their undersigned counsel, hereby move this Court for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) requiring the Parties to maintain the confidentiality of documents and information containing or relating to (a) material non-public insider information; (b) confidential and/or commercially sensitive or proprietary information, or non-public financial information; (c) information that a party is under a duty to preserve as confidential under a court or administrative order, by agreement with or obligation to a third person; or (d) other information which the Parties believes in good faith must be maintained in confidence to protect its business or commercial interests.  A copy of the Parties proposed Stipulated Protective Order is attached hereto as Exhibit A (the "Stipulated Protective Order").  In support of this Agreed Motion, the Parties state as follows:

1. Sensitive non-public information pertaining to the Parties and non-parties, including license and business agreements, confidential financial statements and records, including sales summaries, invoices and purchase orders, sales pitches, product development research, images and

mock-ups, business projections, plans and strategies, and confidential communications related to the foregoing, which, if exchanged other than in accordance with a protective order, may cause unnecessary damage and injury to the parties and non-parties, and therefore, good cause exists to limit public disclosure of such information.

2. In order to preserve the confidential nature of such information and documents properly deemed confidential under Fed. R. Civ. P. 26(c), including (a) material non-public insider information; (b) confidential and/or commercially sensitive or proprietary information, or non-public financial information; (c) information that a party is under a duty to preserve as confidential under a court or administrative order, by agreement with or obligation to a third person; or (d) other information which the Parties believes in good faith must be maintained in confidence to protect its business or commercial interests, the Parties submit the attached Stipulated Protective Order. Pursuant to Rule 26(c), the Court may enter an order "to protect a party or person from annoyance, embarrassment, [or] oppression . . ." including, *inter alia*, "requiring that a trade secret or other confidential research, development or commercial information . . . be revealed only in a specified way." Fed. R. Vic. P. 26(c)(1)(G).

3. The Stipulated Protective Order permits the parties to designate discovery material as confidential only if such material falls within specified categories. (Ex. A, ¶ 4, "Designated Material.") The Stipulated Protected Order prohibits the dissemination and use of designated discovery material except as specified, but does not authorize the filing of any such material with the Court under seal. Rather, the proposed Stipulated Protective Order provides that no designated discovery material may be filed under seal unless ordered by the Court following a motion and hearing on the moving party's request to file materials under seal. (Ex. A, ¶ 21.) As such, the proposed Stipulated Protective Order will ensure the protection of sensitive discovery materials

consistent with the principles of federal law and will protect against unfairness in the trial process.

4. Pursuant to Rule 26(c), the Parties have conferred and agreed to the entry of the attached Stipulated Protective Order.

**WHEREFORE**, the Parties respectfully request that the Court enter the proposed Stipulated Protective Order in the form attached to this motion.


Dated: July 23, 2014                              Respectfully submitted,


Plaintiff, Frank Thomas

s/ Ralph C. Loeb
Ralph C. Loeb (Pro Hac Vice)
Jeremy D. Smith (Pro Hac Vice)
KRANE & SMITH, APC
16255 Ventura Boulevard, Suite 600
Encino, California 91436-2302
(818) 382-4000
(818) 382-4001 – facsimile

Steven J. Thompson
Alexandros Stamatoglou
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois 60602
(312) 977-4400
(312) 977-4405 – facsimile

Defendant, Reebok International Ltd.

s/ James T. Hultquist
James T. Hultquist
Joshua W. Newman
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606-7507
(312) 207-1000
(312) 207-6400 - facsimile

## CERTIFICATE OF SERVICE

     I, Joshua W. Newman, certify that on July 23, 2014, I caused to be served **AGREED MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**, upon the following persons through the District Court's ECF/CM electronic filing system:

Steven J. Thompson (IL Bar No. 61 96230/Federal Trial Bar Member)
Alexandros Stamatoglou (IL Bar No. 6308169)
UNGARETTI & HARRIS, LLP
3500 Three First National Plaza
Chicago, Illinois 60602
(312) 977-4400
(312) 977-4405 - facsimile

Ralph C. Loeb (Pro Hac Vice)
Jeremy D. Smith (Pro Hac Vice)
KRANE & SMITH, APC
16255 Ventura Boulevard, Suite 600
Encino, California 9 1436-2302
(818) 382-4000
(818) 382-4001 -- facsimile

                                            s/ Joshua W. Newman
                                            James T. Hultquist, Esq.
                                            Joshua W. Newman, Esq.
                                            REED SMITH LLP
                                            10 South Wacker Drive
                                            Chicago, IL 60606-7507
                                            (312) 207-1000
                                            (312) 207-6400 - facsimile