IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK THOMAS, an individual | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14-cv-1937 |
| v. | ) | |
| | ) | Honorable Matthew F. Kennelly |
| REEBOK INTERNATIONAL LTD., | ) | |
| a Massachusetts corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, certain information and documents may be sought, produced or exhibited by and among the parties to the above-captioned action (the "Action"), which the party making the production believes in good faith to constitute confidential information; and

WHEREAS, to facilitate discovery in connection with this Action while preserving the parties' respective positions as to whether particular information or documents in fact constitute confidential information, the parties have agreed to enter into this Protective Order; and

WHEREAS, the Court has reviewed the terms and conditions of this Protective Order submitted by the parties;

**IT IS HEREBY ORDERED THAT**:

1. This Protective Order shall govern the handling of documents, the information contained therein and all other information produced or disclosed during the Action, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in this Action (the "Supplying Party") to any other party (the "Receiving Party"), when the same is designated in accordance with the procedures set forth herein. This Protective Order is binding upon all parties to

the Action, including their respective attorneys, agents, representatives, officers and employees, and others as set forth in this Protective Order.

2. Subpoenaed third parties who so elect may avail themselves of the protections of this Protective Order and thereby become Supplying Parties for purposes of this Protective Order if they agree to be bound by its terms and conditions.

3. All documents and information produced or disclosed by parties or non-parties during the Action that are designated as “CONFIDENTIAL” or “ATTORNEYS’ EYES ONLY” shall be used and disclosed by the Receiving Party solely for the purposes of this Action and for no other purpose.

**DESIGNATED MATERIAL**

4. Any Supplying Party shall, through counsel, have the right to identify and designate as “CONFIDENTIAL,” license agreements, financial statements and records, including sales summaries, purchase orders and invoices, business agreements, sales pitches, product development research, images and mock-ups, business projections, plans and strategies, and any document, communication or other materials it produces or provides, or any testimony given in this Action, which testimony or discovery material constitutes, reflects or discloses (a) material non-public insider information; (b) confidential and/or commercially sensitive or proprietary information, or non-public financial information; or (c) information that a party is under a duty to preserve as confidential under a court or administrative order, by agreement with or obligation to a third person (“Designated Material”)..

5. When either side of this Action subpoenas a third party to produce documents, testimony, and/or information, either party shall, through counsel, also have the right to identify and designate as “CONFIDENTIAL” any document, testimony, and/or information produced or

provided by said subpoenaed third party, if that party believes in good faith that such testimony and/or information constitutes its confidential or proprietary information, or otherwise meets the criteria for Designated Material enumerated in paragraph 4. When a party makes such a designation, it becomes the "Supplying Party" for the purposes of this Order.

6. In designating material as "CONFIDENTIAL," the Supplying Party will make such designation only as to that material that it in good faith believes to be entitled to confidential treatment. Material that is available to the public shall not be designated as "CONFIDENTIAL" unless confidential information is contained in the particular edition or copy of such material being designated.

7. In addition, when appropriate, Designated Material may be marked "ATTORNEYS' EYES ONLY," but only when the Supplying Party, in good faith, believes that the Designated Material constitutes highly sensitive, competitive commercial information or trade secrets that, if disclosed, would lead to a substantial risk of competitive disadvantage that could not be avoided by less restrictive means.

8. If Designated Material marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is sought by a subpoena issued in a different action, the subpoenaed party shall provide prior written notice to the Supplying Party at least ten (10) business days before producing any Designated Material in response to the subpoena. The Supplying Party bears the burden of objecting to or seeking an order quashing or otherwise limiting the subpoena. Notwithstanding the foregoing, this Order does not restrict the right of the Supplying Party to make such use or disclosure of its own documents or material which has been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as it otherwise is entitled to make.

9. Specific documents and interrogatory answers produced by the Supplying Party(ies) or subpoenaed third party shall be designated by marking or stamping each page of each document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," where appropriate pursuant to paragraphs 4 and 7 of this Protective Order.

10. A party shall not be obligated to challenge the proprietary of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation at the time made, and its failure to do so at that time shall not operate as a waiver of its right to request the Court to determine the proprietary of the designation or in any way preclude a subsequent challenge to such designation. In the event a party disagrees at any stage of the Action with the Supplying Party's designation of Designated Material, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party that disagrees with the designation may seek appropriate relief from this Court on a schedule to be established by the Court that provides the opposing party with the opportunity to file a response. Pending the resolution of any such motion by this Court and any subsequent appeal thereof, the parties agree to treat the information that is the subject of the motion in accordance with the Supplying Party's designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." In any proceedings to determine the proprietary of a designation of information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Supplying Party shall have the burden of proving that the information is entitled to be treated as it has been designated.

11. The designation by a Supplying Party of any document, thing or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order is intended solely to facilitate the pretrial proceedings, preparation, trial and settlement of the Action. Treatment by opposing counsel in conformity with the indicated designation shall not be construed in any way as an admission or agreement by any party that the designated information in fact or in

law constitutes or contains any trade secrets or confidential commercial information of any other party. The designation of information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall not relieve the Supplying Party from the burden imposed by relevant substantive law to establish that particular information is in fact confidential.

12. This Protective Order shall not be construed as a waiver by the parties of any objection that might be raised as to the admissibility of any evidentiary material. This Protective Order shall also be without prejudice to the rights of any person to oppose production of any information on any proper ground, and nothing contained herein shall be construed as a waiver of any applicable privilege.

**USE AND DISCLOSURE OF DESIGNATED MATERIAL MARKED "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY"**

13. Individuals to Whom Designated Material May be Disclosed. The Receiving Party shall not, directly or indirectly, in whole or in part, use or reveal, disclose, or make available for inspection or copying any Designated Material to any person except to those persons falling within the categories defined at paragraphs 14 and 15 as applicable. Each person entitled to receive Designated Material (except the Court and its personnel) shall, prior to gaining access to such information, be shown a copy of this Protective Order and sign an undertaking in the form attached as Exhibit A. All such undertakings shall be retained by outside counsel of record for the Receiving Party. Persons who come into contact with the Designated Material for clerical or administrative purposes and who do not retain copies or extracts thereof are not required to execute undertakings.

14. Designated Material marked "CONFIDENTIAL" shall be disclosed by the Receiving Party only to the following persons:

a. outside counsel employed by the Receiving Party to assist in the Action, and the attorneys, paralegals and stenographic and clerical employees in the respective law firms of such outside counsel;

b. the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Action;

c. such officers and employees of the Receiving Party, including in-house counsel, as outside counsel for that party deems necessary for the sole purpose of assisting in this Action;

d. any outside consultant or expert who is assisting counsel or a party to the Action;

e. deponents and trial witnesses as reasonably necessary and relevant for their preparation as witnesses or as necessary for use at deposition or trial;

f. the Court and any members of its staff to whom it is necessary to disclose information marked “CONFIDENTIAL” for the purpose of assisting the Court in this Action; and

g. stenographic employees and court reporters recording or transcribing testimony relating to the Action.

15. Designated Material marked “ATTORNEYS’ EYES ONLY” shall not be disclosed to any individual or entity other than:

a. the attorneys of record herein, their respective legal, paralegal, secretarial and necessary clerical staff, and – to the extent applicable – the parties’ in-house counsel responsible for overseeing this case; the Court; court reporters and court personnel, as necessary;

b. any discovery referee, arbitrator, or neutral mediator appointed by the Court or agreed to by the parties to preside over disputes in this action and their personnel; and

c. expert witnesses or consultants retained by the parties or their counsel in connection with this litigation provided that: (i) such person reasonably requires access to the Designated Material marked “ATTORNEYS’ EYES ONLY” to assist counsel with respect to this litigation or to provide testimony, and (ii) such person is not a past or current employee of the party adverse the party retaining the expert witness or consultant. In the event that a retained expert witness or consultant is a person described in paragraph 15(c)(ii) above, then at least five (5) business days before such person is given access to any “ATTORNEYS’ EYES ONLY” information, the party intending such disclosure shall provide written notice of its intentions to each party whose “ATTORNEYS’ EYES ONLY” information would be disclosed, so that the Designating Party has the opportunity to move for a protective order or other appropriate relief.

16. Notwithstanding the foregoing, the parties shall be allowed to freely disclose Designated Material marked “CONFIDENTIAL” or “ATTORNEYS’ EYES ONLY” to a witness at a deposition, hearing or other proceeding in this litigation where: (a) the witness is an author of the Designated Material or was otherwise involved in its creation; or (b) the Designated Material or other evidence indicates that the witness was or may have been a recipient of the Designated Material. In such a case, the witness is not required to sign a copy of Exhibit “A.”

17. Nothing in this Order shall prevent counsel for the parties from referencing, in support of oral or written legal arguments, documents or deposition testimony marked “CONFIDENTIAL”

or "ATTORNEYS' EYES ONLY" pursuant to this Order, provided that if any written references reveal any material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the document containing the references should be filed under seal pursuant to paragraph 23 of this Protective Order.

**DEPOSITIONS**

18. Information disclosed at a deposition taken in connection with this Action may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by:

a. a Supplying Party (or its counsel) designating testimony given by it or its present or former employee(s), officer(s), director(s), partner(s), representative(s) or any expert(s), as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the record during the taking of the deposition, in which case the court reporter shall mark each pertinent page as provided in paragraph 9 above; or

b. a Supplying Party (or its counsel) notifying all other parties in writing, within ten (10) business days of receipt of the transcript of a deposition given by it or its present or former employee(s), officer(s), director(s), partner(s), representative(s) or any expert(s), of specific pages and lines of the transcript that are designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"; or

c. a Supplying Party (or its counsel) identifying as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" testimony in the fashion specified in either subparagraph (a) or subparagraph (b) above, which testimony was given by a Receiving Party or its present or former employee(s), officer(s), director(s), partner(s), representative(s) or any expert(s) and contained information designated by the Supplying Party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

When a party takes actions in accordance with paragraph 18(a), (b) or (c), each party shall attach a

copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody or control.

19. If Designated Material marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is used during depositions, it shall not lose its designated status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.

## **REDESIGNATION**

20. Any Supplying Party may re-designate (or withdraw a designation regarding) any material ("Re-designated Material") that it has produced; provided, however, that such re-designation shall be effective only as of the date of such re-designation. Such re-designation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such re-designation (or withdrawal). Upon receipt of any such written re-designation, counsel of record shall (i) not make any further disclosure or communication of such Re-designated Material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any Re-designated Material of the effect of such re-designation under this Protective Order; and (iii) promptly endeavor to procure all copies of such Re-designated Material from any persons known to have possession of any such Re-designated Material who are not entitled to receipt under paragraphs 14 and 15, as applicable, above.

## **FILING WITH THE COURT**

21. This protective order does not, by itself, authorize the filing of any document under seal. No document may be filed under seal without prior leave of court. A party wishing to file under seal a document containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information must: (1) provisionally file the document electronically under seal,; (2) file electronically at the same time a public-record version of the brief, motion or other submission with only the sealed

document excluded; and (3) move the court for leave to file the document under seal. The sealing motion must be filed before or simultaneously with the provisional filing of the document under seal, and must be noticed for presentment promptly thereafter. Any document filed under seal without such a sealing motion may be stricken by the court without notice.

22. If a party wishes to file in the public record a document that another producer has designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", the party must advise the producer of the document no later than five business days before the document is due to be filed, so that the producer may move the Court to require the document to be filed under seal.

23. Pursuant to Local Rule 5.8, any document filed under seal must be accompanied by a cover sheet disclosing (i) the caption of the case, including the case number; (ii) the title "Restricted Document Pursuant to Local Rule 26.2;" (iii) a statement that the document is filed as restricted in accordance with a court order and the date of the order; and (iv) the signature of the attorney of record filing the document.

**MISCELLANEOUS**

24. Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any party's counsel from rendering advice to its clients with respect to this Action and, in the course thereof, relying upon Designated Material, provided that in rendering such advice, counsel shall not disclose any other party's Designated Material other than in a manner provided for in this Protective Order.

25. Inadvertent production of any document or information without a designation as provided herein will not be deemed to waive a later claim as to its confidential nature or stop the Supplying Party from re-designating said document or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at a later date.

26. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.

27. Upon the conclusion of the Action, including any appeals related thereto, at the written request of the Supplying Party, all Designated Material and any and all copies thereof shall be returned within thirty (30) calendar days to the Supplying Party; provided, however, that counsel may retain their attorney work product and all court-filed documents even though they contain Designated Material. Such retained work product and court-filed documents shall remain subject to the terms of this Protective Order. In the alternative, at the option of the Supplying Party, the party receiving the Designated Material may destroy it.

28. If Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately, upon learning of such disclosure, inform the Supplying Party in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further or greater disclosure by each unauthorized person who received such Designated Material.

29. In the event of a proven willful violation of this Protective Order by any of the parties in this action or others designated in paragraphs 14 and 15, as applicable, all parties acknowledge that the offending party or persons may be subject to sanctions as determined at the discretion of the Court.

30. The foregoing provisions concerning confidentiality shall apply only to Designated Material marked during pre-trial proceedings, and shall not affect the conduct of trial or of any hearing in open court. Documents shown to the jury or used at the trial of this Action shall not bear any legend of “CONFIDENTIAL” or “ATTORNEYS’ EYES ONLY.” Before the jury is

discharged, the Supplying Party may seek an order regarding the jury's use or disclosure of evidence presented during the trial.

31. Data produced in electronic form may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by marking the data storage medium with the appropriate label. In addition, the Supplying Party shall, to the extent reasonably possible, add the appropriate legend to the electronic file such that any print-out of the file contains the appropriate legend.

32. The terms of this Protective Order may be amended or modified by written agreement of the parties, or upon motion and order of the Court for good cause shown. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action.

33. The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

Dated: July 23, 2014

Plaintiff, Frank Thomas

s/ Ralph C. Loeb
Ralph C. Loeb (Pro Hac Vice)
Jeremy D. Smith (Pro Hac Vice)
KRANE & SMITH, APC
16255 Ventura Boulevard, Suite 600
Encino, California 91436-2302
(818) 382-4000
(818) 382-4001 – facsimile

Steven J. Thompson
Alexandros Stamatoglou
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois 60602
(312) 977-4400
(312) 977-4405 – facsimile

Defendant, Reebok International Ltd.

s/ James T. Hultquist
James T. Hultquist
Joshua W. Newman
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606-7507
(312) 207-1000
(312) 207-6400 - facsimile

SO ORDERED:

The Hon. Matthew Kennelly

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK THOMAS, an individual<br><br>Plaintiff,<br><br>v.<br><br>REEBOK INTERNATIONAL LTD.,<br>a Massachusetts corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 14-cv-1937<br><br>Honorable Matthew F. Kennelly<br><br>Magistrate Judge Cole |

UNDERTAKING

The undersigned hereby acknowledges that, having read the Protective Order filed in the above-captioned action on _____________, 2014, the undersigned understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to the jurisdiction of the Court and understands that the Court may impose sanctions for any violation of the Protective Order.

Dated: ______________

______________________________________
Name

______________________________________
Signature